On the Merits.
 

 ST. PAUL, J.
 

 This is a proceeding by mandamus, to 'compel the city of Alexandria to issue to relators a permit to build an oil-filling station in said city.
 

 I.
 

 Section 4 of Act 237 Of 1920, p. 456, reads as follows:
 

 
 *627
 
 “That all such municipalities [i. e. having a population in excess of 500] shall be authorized to require building permits and permits for repairs, which permits shall be granted according to uniform rules, and shall never be refused when the application setting forth the character of the building to be constructed, or the nature of the repairs, conforms to the requirements of the ordinances of the municipality passed in pursuance of this .act; provided that all such applications shall be passed upon by the governing body of the municipality, or the committee designated by it, within ten days after the filing of the same.”
 

 From which it will be observed that the duty of issuing such permits, when applied for, is placed upon
 
 the nmnievpality itself,
 
 and not upon any
 
 officer
 
 thereof.
 

 And this disposes of the exception herein filed, that these mandamus proceedings should have been directed against the
 
 city engineer.
 

 II.
 

 The plea that the petition discloses no cause of action because it fails to allege, tot verbis, that such permit to build is required by any ordinance of said city, is frivolous. If no such permit be required, then relators are entitled to proceed without such permit, which would be an obvious and complete defense to this mandamus proceeding, but would have no other bearing herein than to affect the costs incurred.
 

 And if such were the fact, this court would so rule. But the fact is that the defendant has an ordinance requiring such permit, and the allegation of the relators that they applied for. such permit, and that it was refused, is a sufficient allegation that such permit is required in the absence of a special plea denying the need for such permit.
 

 III.
 

 On the merits the only defense set up is that no application was ever made by relators for such a permit. But the evidence shows that a- permit was duly applied for and arbitrarily refused without the assignment of any reason whatsoever.
 

 We qre of opinion that the relators are entitled to a permit to build, provided their building be erected in conformity with the building regulations established by defendant’s ordinances.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.